Judge Cox
dissents from this proposition.
3. We agree with the holding of Judge Shroder in paragraph (a) of the syllabus to his decision in the case of Dexter v. County Commissioners, 20 Law Bulletin^ 364.
4. Any balance or balances remaining in the treasury at the time of the making of the estimate by the auditor under sec. 1005, Rev. Stat., which are the result of special levies for *32 county roads or like purposes, under special statutes, and which by said statutes were to be kept for such special purpose, are not to be considered or dealt with by the auditor, as part of the balances on haud to be taken into consideration by him, in his estimate as to the amount needed, or with reference to the one million dollar limit.
Opinion by
Judge Cox :
Concurring with the opinion just expressed as to the duties of the board of commissioners and board of control as to the levy for general taxes, I am of the opinion that all acts passed since the act of 1872, establishing the board of control, giving authority to the county commissioners to make and improve roads, etc., do not come with in section 999, giving the board of control final action over the commissioners’ acts.
The act establishing the board of control is not a general act. The law as it stood in 1879 was sustained by the District Court of this county (4 Bulletin, 174), on the sole ground that it was a special act, and not a general law, and this decision has not been overruled. It does not come, therefore, within the power given to general laws by statutory construction. It was within the power of the legislature to alter, amend, or repeal it, or to enact other laws which would neutralize it as to special matters.
In numerous acts since, the legislature had authorized, and in some required, the county commissioners to levy taxes for making and repairing special roads. These acts are special, and of as high authority as sec. 998, and in my opinion, are not to be construed together with sec. 999, unless the subsequent acts specially require it. In the case cited from the decision of the Supreme Court this question was not raised.
To hold where the legislature authorizes, or requires, the commissioners to levy taxes for a road, and puts the funds arising therefrom in their control, and when they do that which they are authorized to do, it shall not be valid unless ratified by a board created years before under an act of no higher au *33 thority than that giving the commissioners authority, would seem to me to be idle legislation.
Morrell & Kuehnert and Foraker; Black & JRockhold; Rufus B. Smith ; Frank Goppock, and Thos. F. Shay, for the several plaintiffs.
Fred. Hertenstein, Asst. Oounty Solicitor W. M". Bateman and Gazzam Gano, for defendants.
Nor do I think that any taxes to be levied for the making or improvement of roads, or anything which may be called betterments, comes within the'million dollars limit of Item 5, sec. 1005. It could not have been in the contemplation of the legislature in 1872, while fixing the limit at one million dollars at that time for county expenses, to say that the limit should forever remain, subject to be cut downNr o nfti me to time by the large and innumerable improvements fin building •and road making, necessary in a large and growing county like this ; nor do I think that in making the estimate to be sent by the auditor to the commissioners, in order to enable them to fix the levy, that he should include any such improvements as these. The levy, therefore, for these roads, as to percentage, is fixed by the special act, and if made by 'the commissioners, it is to be put on the duplicáte by the auditor as soon as he is notified by the commissioners that they have authorized the levy to be made.^